Argued and submitted March 26, reversed and remanded May 9, 1984

# KIRCHEM,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION,
*Respondent.*

(83-AB-1548; CA A29440)

680 P2d 1006

Terry Ann Rogers, Portland, argued the cause and filed the brief for petitioner.

Linda DeVries, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr. Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant seeks review of an Employment Appeals Board decision that adopted a referee's decision holding that claimant was ineligible for vocational unemployment insurance because her program of instruction could have exceeded 180 days. ORS 657.345(1)(d). We reverse and remand.

ORS 657.330 to 657.360 allows an otherwise qualified claimant to receive unemployment insurance benefits while attending an approved vocational training program. ORS 657.345(1), *as amended by* Or Laws 1983, ch 9, § 1,[1] provides:

"(1)   In approving such program of instruction for an individual the assistant director shall require:

"* * * * *

"(d)   That the program of instruction will be completed within a maximum of 180 days. However, the assistant director shall approve an extension of the program of instruction not to exceed 90 days upon receipt of information certified by the vocational trainer that such extension is necessary for the individual to complete the program of instruction."

Claimant worked for Montgomery Ward for almost 19 years until the store where she was working closed in January, 1983. She then enrolled in a bookkeeping course at Northwestern College of Business in March, 1983. She applied for the benefits that are the subject of this case on April 6, 1983. As part of her application, the College stated that the course would take claimant between 120 and 200 days to complete. On the basis of that statement, the Employment Division denied benefits because the program would exceed the 180 day limit in ORS 657.345(1)(d).

Before the referee, the college's director of admissions testified that she had every reason to believe that claimant would complete the program "well under the 180

---

[1] ORS 657.345 was amended, in part, because very few claimants qualified for benefits. Between 1977 and 1982, only 15 people applied for vocational unemployment insurance and only two applications were approved. Minutes, Senate Committee on Labor, February 21, 1983 (Statement of Libby Leonard, Deputy Administrator Employment Division). Or Laws 1983, ch 9, contained an emergency clause. The act was effective March 7, 1983. Claimant was one of the first applicants under the amended act.

days." However, the referee denied benefits on the basis of the following findings of fact:

"(10) Claimant is enrolled in a bookkeeping course. (11) There is some flexibility in the length of the course. (12) It can be shortened if the student successfully passes pertinent examinations, and may be completed in as little as 120 days. (13) The course ordinarily should not take more than 160 to 180 days. (14) Over 60% of the students in this course among the 11 Trend Colleges managed to complete the course in 180 days or less."

As noted, EAB affirmed, adopting the referee's order. This petition for judicial review followed.

■          The parties disagree on whether the 180-day maximum period referred in ORS 657.345(1)(d) refers to how long it will take a *student* to complete the program of instruction or how long the *program of instruction* is scheduled to last.[2] However, we do not reach this issue, because we find the referee's, and therefore EAB's, findings inadequate. The referee made no finding of whether *this claimant* could or could not complete the program of instruction within 180 days. Unless she can, the other issue is irrelevant. Without such a finding we are unable to review the order. The order must be reconsidered. ORS 183.470(2); 183.482(8)(c).

■          Reversed and remanded for reconsideration.[3]

---

[2] The Employment Division contends that "the program of instruction shall not exceed 180 days from the date it commences." OAR 471-30-080(7). Claimant contends that the statute allows benefits to a student who can complete a program within 180 days, regardless of when the program begins or ends.

[3] On remand, and in the event it finds that petitioner will complete the course within 180 days, EAB will then be required to address the meaning of the statute. We note that both the salutary purposes of the act itself and the remedial and liberalizing purposes of the 1983 amendments suggest that EAB will need to articulate with some care just why petitioner is not qualified for benefits, if that is its view.